UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHNSON STEPHENS, JR., | ) | CASE NO. 5:16 CV 2162 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| MIKE DEWINE, *et al.*, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) ) | |

Along with a motion to proceed *in forma pauperis* (Doc. No. 2), *pro se* plaintiff Johnson Stephens, Jr., has filed this civil rights action pursuant to 42 U.S.C. §1983 against Ohio Attorney General Mike DeWine, Summit County Magistrate Judge Matthew Dickson, and Summit County Judge Elinor Stormer. The plaintiff alleges the defendants violated his federal civil rights and caused him to suffer damages when a civil protection order sought by Ashley Lawson was issued against him in Summit County in 2012.

The plaintiff's application to proceed *in forma pauperis* is granted; therefore, the action is now before the Court for initial screening pursuant to 28 U.S.C. §1915(e). That statute requires federal district courts to screen all *in forma pauperis* actions and dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court finds the plaintiff's action must be dismissed pursuant to §1915(e)(2)(B). First, the plaintiff's §1983 claims are barred by the statute of limitations. The statute of limitations applicable to civil rights claims under §1983 is two years. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). It has clearly been more than two years since the events of which the plaintiff complains occurred. The plaintiff alleges the civil protection order against him was issued in 2012.

Second, all of the defendants are immune from the plaintiff's suit. The only acts the plaintiff

alleges against Magistrate Judge Dickson and Judge Stormer are acts taken in their judicial capacities in adjudicating the civil protection order. Judges are absolutely immune from suit for their judicial acts. *See Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (judicial immunity "is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities").

Since the plaintiff has not set forth allegations of specific conduct on the part of defendant DeWine, his complaint is construed as brought against the Attorney General in his official capacity. "[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver. . . ." *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009). The State has not waived its sovereign immunity with respect to §1983 suits.

## Conclusion

Accordingly, for all of the reasons stated above, the plaintiff's complaint fails to state any plausible federal civil rights claim and is dismissed against all of the defendants pursuant to 28 U.S.C. §1915(e). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                             */s/ John R. Adams*
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE

DATED:    January 25, 2017